**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEITH JAGDHUBER<br>68 Hemlock Drive<br>Hanover, PA 17331<br><br>        Plaintiff,<br><br>        v.<br><br>SAM'S CLUB<br>261 Wilson Avenue<br>Hanover, PA 17331<br><br>        Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

**CIVIL ACTION COMPLAINT**

Plaintiff Keith Jagdhuber (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Sam's Club (hereinafter "Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant fired Plaintiff in retaliation of his disability. As a result of Defendant's unlawful actions, Plaintiff has suffered damages as set forth herein.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly maintain personal jurisdiction over Defendant because

Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.      Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this

judicial district because all of the acts and/or omissions giving rise to the claims set forth herein

occurred in this judicial district.

5.      Plaintiff has exhausted all administrative remedies as required as a prerequisite to

the filing of the instant claims.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a corporation that operates a retail store at the address set forth above.

9.      At all times relevant herein, Defendant acted through its agents, servants, and

employees, each of whom acted at all times relevant herein in the course and scope of their

employment/engagement with Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein as if set forth in full.

11.      Plaintiff suffers from multiple sclerosis (hereinafter referred to as Plaintiff's

"disability").

12.      Defendant hired Plaintiff in or around May of 2017.

13.      In or around early June 2017, Plaintiff explained to Respondent, by way of

Defendant's manager, Evan (last name unknown) (hereafter "Manager Evan"), that Plaintiff

suffers from multiple sclerosis and that exposure to heat, or any extreme temperature, for as little

as one to two minutes can cause, among other symptoms, partial loss of muscle control, muscle twitches, blurred vision, and extreme fatigue.

14.     Plaintiff also wrote a note to Defendant's Front End Manager, Donna White (hereinafter "Manager White"), explaining his disability and requesting to be assigned to a position where Plaintiff would not be exposed to a constant inflow of heat.

15.     In or around early June 2017, on a day that was particularly hot, Plaintiff fell asleep during his 30-minute lunch break, and remained asleep for 20 minutes past the break end-time.

16.     After being awakened by Manager Evan, Plaintiff explained that he was feeling drowsy and was having trouble walking that day and attributed same to the exacerbation of his disability by the summer heat.

17.     Later that day, when entering his lunch break into Defendant's time keeping system, Plaintiff inadvertently neglected to input the additional 20 minutes he had taken as part of his lunch break.

18.     On or around June 19, 2017, Manager Evan and another of Defendant's managers, George (last name unknown) (hereafter "Manager George") reprimanded Plaintiff for allegedly failing to input the extra 20 minutes of his lunch break a few weeks before.

19.     Plaintiff reiterated to Manager Evan and Manager George that the exposure to the heat exacerbated his disability and his forgetting to account for the extra 20 minutes was inadvertent.

20.     Manager Evan and Manager George then fired Plaintiff.

21.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
### (Disability Discrimination / Retaliation)

22.    The foregoing paragraphs are incorporated herein as if set forth in full.

23.    At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

24.    The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

25.    Discrimination against an employee because of his disability constituted disability discrimination under the ADA.

26.    At all times relevant herein, Plaintiff's multiple sclerosis rendered him an individual with a disability under the ADA.

27.    Defendant violated Plaintiff's rights under the ADA by firing Plaintiff because he suffers from his disability.

28.    As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violations of the PHRA
### (Disability Discrimination / Retaliation)

29.    The foregoing paragraphs are incorporated herein as if set forth in full.

30.    At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PHRA.

31.    At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

32.     The PHRA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

33.     Discrimination against an employee because of his disability constitutes disability discrimination under the PHRA.

34.     At all times relevant hereto, Plaintiff's multiple sclerosis rendered him an individual with a disability within the meaning of the PHRA.

35.     Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff because he suffers from his disability.

36.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or perceived disabilities;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.     Plaintiff are to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

F.      Plaintiff's claims are to receive a jury trial.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

/s/ Richard Swartz_____
Richard S. Swartz, Esq.
Carley A. Doyle, Esq.
1101 Kings Hwy N., Ste 402
Cherry Hill, NJ 08034
(856) 685-7420 Phone
(856) 685-7417 Fax
rswartz@swartz-legal.com
cdoyle@swartz-legal.com

Date: January 11, 2018

**DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information

pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for

relief, and to any defenses to same, including, but not limited to, electronic data storage, closed

circuit TV footage, digital images, computer images, cache memory, searchable data, emails,

spread sheets, employment files, memos, text messages, any and all online social or work related

websites, entries on social networking sites (including, but not limited to, Facebook, Twitter,

MySpace, etc.), and any other information and/or data and/or things and/or documents which

may be relevant to any claim or defense in this litigation.